UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WINSTON & STRAWN LLP,<br>    1700 K Street, N.W.<br>    Washington, D.C. 20036<br><br>            Plaintiff,<br><br>    v.<br><br>THE LAW FIRM OF<br>JOHN ARTHUR EAVES<br><br>Serve:  John Arthur Eaves, Jr.<br>    101 N. State Street<br>    Jackson, MS 39201<br><br>            Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff, Winston & Strawn LLP, by counsel, Carr Maloney P.C., sues Defendant, The Law Firm of John Arthur Eaves, and for causes of action, states as follows:

### PARTIES, JURISDICTION, AND VENUE

1.    Winston & Strawn LLP ("W&S" or "Plaintiff") is a limited liability partnership that is formed under the laws of the State of Illinois. W&S maintains an office in the District of Columbia. This case arises as a result of legal services rendered to the Law Firm of John Arthur Eaves by attorneys in W&S's Washington, D.C. office.

2.    The Law Firm of John Arthur Eaves ("Eaves Law Firm" or "Defendant") is a law firm with its principal place of business located at 101 North State Street, Jackson Mississippi, 39201. John Arthur Eaves, Jr. is a lawyer employed by the firm.

3. Jurisdiction over the subject matter of this claim is proper pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different States and the amount in controversy exceeds $75,000.

4. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in the District of Columbia.

5. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with the District of Columbia and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

## COUNT I
(Breach of Contract)

6. In or about January 2010, John Arthur Eaves, Jr., on behalf of the Eaves Law Firm, retained W&S to provide legal services to him on certain legal and legislative matters.

7. Pursuant to the terms of the retainer agreement, the Eaves Law Firm agreed to pay W&S a monthly rate of $12,000 for legal services and for all costs and expenses incurred on its behalf. The Eaves Law Firm also agreed to pay its bills for legal services, costs, and expenses within thirty (30) days of receipt of the invoice.

8. The parties agreed that if, after the first six (6) months of the agreement, the value of the services performed by W&S attorneys, based on their usual and customary hourly rates, consistently exceeded the monthly retainer amount of $12,000, then they were to consult and make agreed-upon adjustments to the terms and conditions.

9. In or about October 2010, John Arthur Eaves, Jr., on behalf of the Eaves Law Firm, and W&S entered into an agreement to make adjustments to and confirm the extension of the original agreement. The monthly retainer rate of $12,000 was increased to $18,000. Further, W&S agreed to open a separate new matter for legal services rendered in preparation of certain *amicus curie* briefs. For this matter only, the Eaves Law Firm agreed to compensate W&S on the basis of W&S's attorneys' usual and customary hourly rates. To the extent that it could, W&S agreed to perform this work within a budget of $25,000.

10. W&S performed legal services on the Eaves Law Firm's behalf and rendered billing statements to the Eaves Law Firm on a regular basis. These services continued until at least October 31, 2011. The Eaves Law Firm paid some but not all of its legal bills. Due to nonpayment of its bills, W&S ceased doing legal work for the Eaves Law Firm beginning in November 2011.

11. To date, the Eaves Law Firm has failed to pay W&S in full for the legal services rendered by W&S and costs and expenses W&S incurred on its behalf. The Eaves Law Firm owes W&S $279,400.63 in outstanding legal fees and expenses billed to the firm.

12. By virtue of the Eaves Law Firm's failure to pay W&S the $279,400.63 owed in outstanding legal fees, costs, and expenses pursuant to the terms of the parties' retainer agreement and extension, the Eaves Law Firm has breached the terms of its agreement and extension of the agreement with W&S.

13. W&S has incurred a loss of $279,400.63 as a result of the Eaves Law Firm's breach of agreement and extension, and refusal to pay the outstanding balance due and owing to W&S.

WHEREFORE, Plaintiff Winston & Strawn LLP demands judgment against Defendant in the amount of $279,400.63, plus interest and costs, and any other such relief as this Court deems appropriate.

        WINSTON & STRAWN LLP
        By Counsel

        CARR MALONEY P.C.

By:   /s/ Paul J. Maloney
      Paul J. Maloney, #362533
      Erin E. Dorsey, # 1011749
      2000 L Street, NW
      Suite 450
      Washington, D.C. 20036
      (202) 310-5500 (Telephone)
      (202 310-5555 (Facsimile)
      pjm@carrmaloney.com
      eed@carrmaloney.com