UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WINSTON & STRAWN LLP, : <br> : <br> Plaintiff, : <br> v. : Case No. 1:13-cv-01940-JDB <br> : <br> THE LAW FIRM OF : <br> JOHN ARTHUR EAVES : <br> : <br> Defendant. : | |

## MOTION TO DISMISS

Pursuant to Rules 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), the Defendant hereby moves to dismiss this action against it in its entirety. Service of process was not proper in accordance with Rule 4 of the Federal Rules of Civil Procedure. As well, although the Plaintiff purports to sue "The Law Firm of John Arthur Eaves," no such entity exists. Finally, this Complaint fails to state a claim upon which relief can be properly granted. The grounds for this Motion are more fully set forth in the Memorandum submitted in support hereof and filed separately.

WHEREFORE, the Defendant respectfully requests this Court to quash service of process and dismiss this Complaint in its entirety and enter such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ John Arthur Eaves, Jr.
John Arthur Eaves, Jr.
USDC Bar # 432137; MS Bar #8843
101 North State Street
Jackson, MS 39201
Tel: (601) 355-7961/Fax: (601) 355-0530
Email: johnjr@eaveslaw.com

## CERTIFICATE OF SERVICE

    I, John Arthur Eaves, Jr., hereby certify that on February 27th, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all registered attorneys.

Paul J. Maloney, Esquire  
Erin D. Hendrixson, Esquire  
Carr Maloney, P.C.  
2000 L Street, N.W., Suite 450  
Washington, D.C. 20036  
***Attorney for Winston & Strawn LLP***

                                        /s/ John Arthur Eaves, Jr.  
                                        John Arthur Eaves, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WINSTON & STRAWN LLP, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 1:13-cv-01940-JDB |
| : | |
| THE LAW FIRM OF : | |
| JOHN ARTHUR EAVES : | |
| : | |
| Defendant. : | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

### I. PROCEDURAL BACKGROUND

Plaintiff filed their initial complaint on December 5th, 2013. *See* Docket No. 2. Summons was requested and issued with instructions to serve the Defendant through John Arthur Eaves, Jr. *See* Docket Nos. 4 and 5. On February 24th, 2014, Defendant sought an enlargement of time until February 28th, 2014, within which to file their answers or other responses to the Plaintiff's initial complaint which was granted. *See* Docket No. 6.

### II. LEGAL STANDARDS OF REVIEW

#### A. Motion to Dismiss Under Rule 12(b)(5)

"The Court may dismiss a complaint for ineffective service of process pursuant to Federal Rule of Civil Procedure 12(b)(5) if the plaintiff fails to establish that he or she has properly effectuated service of pursuant to Rule 4." *Lindsey v. United States*, 448 F. Supp.2d 37, 42 ( D.D.C. 2006). "[T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrated that

the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law," *Id.*, quoting *Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir. 1987).

### B. Motion to Dismiss Under Rule 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 127 S.Ct. 1955, 1974 (2007). Hence, the focus should be on the language in the complaint, and if that language sets forth a plausible factual allegation that can support the plaintiff's claim for relief.

## ARGUMENT

### III. PLAINTIFF FAILED TO PROPERLY SERVE THE DEFENDANT

Federal Rule of Civil Procedure 4(h)(1)(b) states service on a corporate entity may be accomplished by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process." "Failure to deliver said summons and complaint to one of these individuals fails to satisfy the requirements of Rule 4(h). *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 65 (D.D.C. 2011).

As noted, the Plaintiff served process for this Complaint upon John Arthur Eaves, Jr. However. there is no doubt that John Arthur Eaves, Jr. is not a proper individual upon

the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law," *Id.*, quoting *Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir. 1987).

### B. Motion to Dismiss Under Rule 12(b)(6)

On a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will dismiss a claim if Plaintiff's complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 127 S.Ct. 1955, 1974 (2007). Hence, the focus should be on the language in the complaint, and if that language sets forth a plausible factual allegation that can support the plaintiff's claim for relief.

### ARGUMENT

### III. PLAINTIFF FAILED TO PROPERLY SERVE THE DEFENDANT

Federal Rule of Civil Procedure 4(h)(1)(b) states service on a corporate entity may be accomplished by "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process." "Failure to deliver said summons and complaint to one of these individuals fails to satisfy the requirements of Rule 4(h). *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58, 65 (D.D.C. 2011).

As noted, the Plaintiff served process for this Complaint upon John Arthur Eaves, Jr. However, there is no doubt that John Arthur Eaves, Jr. is not a proper individual upon whom service can be made for the entity "The Law Firm of John Arthur Eaves." The

not use any diligence in determining who the proper party to sue was this matter, let alone take the time to discover who would be the proper agent of service. A simple call to the Mississippi Bar Association would have informed the Plaintiff that no such law firms exist.

Therefore, service of process should be quashed in its entirety and Plaintiff's complaint should be dismissed.

## IV. PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

In addition to the procedural insufficiencies set forth above, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Although the Plaintiff purports to state a claim for outstanding debt, he has provided no proof of such debt and states that a non-existent entity is responsible for this debt.

The Plaintiff's complaint states that "[i]n or about January 2010, John Arthur Eaves, Jr., on behalf of the Eaves Law Firm, retained [the Plaintiff] to provide legal services to him on certain legal and legislative matters." *See* Docket No. 2 at ¶6. The Plaintiff further discusses their relationship with "Eaves Law Firm" and state that all communication with this entity was done through John Arthur Eaves, Jr.

However, as has been established earlier, the Defendant sued "The Law Firm of John Arthur Eaves." At no point in the Plaintiff's claim for Breach of Contract did they allege any wrongdoing by the fictional Law Firm of John Arthur Eaves. It has been shown that this is not a recognized corporate entity, nor is there any legal relationship between this "entity" and the identified "Eaves Law Firm." Neither entity exists in any legal capacity in the state of Mississippi.

The alleged debt could have been made clearer for the court if the Plaintiff had provided any proof of the alleged contract, outstanding bill or any form of written information that demonstrated their allegations of the debt owed. However, the Plaintiff did not provide such in their complaint. Instead, we have only the Plaintiff's accusation against an entity that does not even exist.

Accordingly, Plaintiff's complaint should be dismissed in its entirety.

## CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court quash the improper service of process and dismiss the Plaintiff's complaint in its entirety.

Respectfully submitted,

/s/ John Arthur Eaves, Jr.
John Arthur Eaves, Jr.
USDC Bar # 432137; MS Bar #8843
101 North State Street
Jackson, MS  39201
Tel: (601) 355-7961/Fax: (601) 355-0530
Email: johnjr@eaveslaw.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WINSTON & STRAWN LLP, : <br><br> Plaintiff, : <br><br> v. : <br><br> THE LAW FIRM OF : <br> JOHN ARTHUR EAVES : <br><br> Defendant. : | Case No. 1:13-cv-01940-JDB |

### ORDER

UPON CONSIDERATION OF the Defendant's Motion to Dismiss, and the entire record herein, it is this _____ day of _____, 2014,

**ORDERED**, that the Defendant's Motion is hereby **GRANTED**; and it is

**FURTHER ORDERED** that Plaintiff's complaint is dismissed with prejudice.

_____
Judge John D. Bates

Copies to:

Paul J. Maloney, Esquire
Erin D. Hendrixson, Esquire
Carr Maloney, P.C.
2000 L Street, N.W., Suite 450
Washington, D.C. 20036
*Attorney for Winston & Strawn LLP*

John Arthur Eaves, Jr.
101 North State Street
Jackson, MS 39201
*Defendant*