UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WINSTON & STRAWN LLP,

    Plaintiff,

    v.

THE LAW FIRM OF JOHN ARTHUR EAVES,

    Defendant.

Case No. 1:13-cv-01940 (JDB)

## MEMORANDUM OPINION

Plaintiff Winston & Strawn LLP ("W&S") brings this action against defendant Law Firm of John Arthur Eaves ("Eaves Law Firm").[1] W&S claims that Eaves Law Firm breached a contract between the two parties by failing to pay for legal services provided by W&S. John Arthur Eaves, Jr. ("Eaves") has filed a motion to dismiss for (1) failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and (2) ineffective service of process under Federal Rule of Civil Procedure 12(b)(5).[2] For the reasons discussed below, the Court will deny Eaves's motion.

## BACKGROUND

W&S alleges that in January 2010, Eaves, on behalf of Eaves Law Firm, retained W&S to provide legal services. See Compl. ¶ 6. Under the terms of the agreement, Eaves Law Firm agreed to pay W&S a monthly rate of $12,000. See Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") Ex. 1 [ECF No. 9-1] at 12-15. Nine months later, alleges W&S, Eaves again entered

---

[1] The proper name for The Law Firm of John Arthur Eaves is an issue in this case, see part I.c, but for ease of reference, the Court will refer to the defendant as "Eaves Law Firm."

[2] Eaves has purported to file on behalf of Eaves Law Firm, even though he argues that Eaves Law Firm does not exist.

into an agreement with W&S on behalf of Eaves Law Firm by adjusting the monthly rate to $18,000. See id. ¶ 9. W&S continued to provide legal services until November 2011, when it stopped because of Eaves Law Firm's purported failure to pay its fees in full.

W&S then filed a complaint against Eaves Law Firm for breach of contract, demanding unpaid legal fees amounting to $279,400.63. Eaves has now moved to dismiss the complaint, arguing that Eaves Law Firm does not exist and that W&S's complaint fails to adequately plead a claim for breach of contract.

## STANDARDS OF REVIEW

**a)    Motion to Dismiss for Ineffective Service of Process**

Whether service was proper is a jurisdictional issue: "federal courts lack the power to assert personal jurisdiction over a defendant unless the procedural requirements of effective service of process are satisfied." Mann v. Castiel, 681 F.3d 368, 372 (D.C. Cir. 2012). Proper service of process "is not some mindless technicality." Friedman v. Estate of Presser, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting Del Raine v. Carlson, 826 F.2d 698, 704 (7th Cir. 1987)). Instead, the requirement stems from the Due Process Clause of the Fifth Amendment, which requires that defendants receive adequate notice of the proceedings against them. See Dusenbery v. United States, 534 U.S. 161, 167 (2002). "When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff has the burden of establishing the validity of service of process." Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries, 288 F.R.D. 230, 231 (D.D.C. 2013). To meet this burden, the plaintiff "must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir. 1987).

Generally, if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). But "a court may consider material outside of the pleadings in ruling on a motion to dismiss for lack of venue, personal jurisdiction, or subject-matter jurisdiction" without converting the motion into a Rule 56 motion. Artis v. Greenspan, 223 F. Supp. 2d 149, 152 (D.D.C. 2002). In other words, on questions of jurisdiction, "plaintiffs are not limited to evidence that meets the standards of admissibility required by the district court. Rather, they may rest their argument on their pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain." Mwani v. bin Laden, 417 F.3d 1, 7 (D.C. Cir. 2005).

**b)     Motion to Dismiss for Failure to State a Claim**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief,'" such that the defendant had "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must supply "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to provide the "grounds" of "entitle[ment] to relief." Twombly, 550 U.S. at 55-56; see also Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

"[I]n passing on a motion to dismiss . . . the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also

Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 164 (1993). Therefore, the factual allegations must be presumed true, and plaintiffs must be given every favorable inference that may be drawn from allegations of fact. See Scheuer, 416 U.S. at 236; Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). The Court need not, however, accept as true "a legal conclusion couched as a factual allegation," or inferences that are unsupported by the facts set out in the complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan, 478 U.S. at 286).

## DISCUSSION

Eaves moves to dismiss the complaint for insufficient service of process under Rule 12(b)(5) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). The Court will first examine the service issue, and then turn to Eaves's argument that W&S has failed to adequately plead a breach of contract.

### I. INSUFFICIENT SERVICE OF PROCESS

The Court must first address a preliminary matter. W&S attached exhibits to its opposition to Eaves' motion to dismiss in support of its argument that Eaves Law Firm is an entity that can be sued. Generally, a court must convert a motion under Rule 12 into a Rule 56 motion for summary judgment when it considers matters outside the pleadings. See Fed. R. Civ. P. 12(d). A court need not do so, however, if the outside material is considered to determine jurisdictional questions. See Artis, 223 F. Supp. 2d, at 152. Whether Eaves Law Firm was properly served is a jurisdictional question, as "without proper notice, defendants cannot be subjected to the personal jurisdiction of the court." Lacey v. Wing, 360 F. Supp. 2d 31, 35 (D.D.C. 2003). Therefore, the Court will rely on W&S's exhibits in ruling on Eaves's 12(b)(5) motion without converting it to a Rule 56 motion.

Eaves argues that Eaves Law Firm is not an entity that can be sued, that he cannot accept service of process for an entity that does not exist, and that W&S did not name the correct party in the complaint. Eaves is incorrect on each of these points, for the reasons explained below.

### a) Eaves Law Firm is a Partnership with the Capacity to be Sued

Eaves first contends that Eaves Law Firm does not exist. W&S counters that Eaves Law Firm is an entity that may be served under Rule 4(h)(1)(B), but W&S does not specify what kind of entity. Instead, it simply refers to Eaves Law Firm as a "corporate entity" or a "law firm." Pl.'s Opp'n [ECF No. 9] at 6. Rule 4(h)(1)(B) governs service on a corporation, partnership, or association. Eaves Law Firm is not a corporation, as W&S admits, because it has not filed articles of incorporation in any state. Id. at 7. The inquiry does not end there, however, because Eaves Law Firm could be considered a partnership.

"Under Rule 17(b)(3), District of Columbia law governs whether [an] alleged partnership has a capacity to sue and be sued." Embassy of Federal Republic of Nigeria v. Ugwuonye, 901 F. Supp. 2d 92, 97 (D.D.C. 2012); see Fed. R. Civ. P. 17(b)(3). District of Columbia law, in turn, provides that "the internal affairs of a partnership [are governed by] . . . the law of the state of the jurisdiction in which the partnership has its principal office." D.C. Code § 29-601.06. The internal affairs of a partnership include whether the partnership exists. See Ugwuonye, 901 F. Supp. 2d at 97-98. W&S's complaint alleges that Eaves Law Firm's principal place of business is located in Jackson, Mississippi. See Compl. ¶ 2. Hence, whether the partnership exists depends on Mississippi law.

Under Mississippi law, "the association of two or more persons to carry on as co-owners of a business for profit forms a partnership, whether or not the persons intend to form a partnership." Miss. Code. Ann. § 79-13-202(a). An express agreement is not required to form a

partnership, and "'intent may be implied or established from the surrounding circumstances.'" Smith v. Redd, 593 So.2d 989, 994 (Miss. 1991) (quoting Norman Prop. v. Bozeman, 557 So.2d 1265, 1270 (Ala. 1990)); see also Allied Steel Corp. v. Cooper, 607 So.2d 113, 117 (Miss. 1992) (noting that absent an express contract, a partnership can be implied through the parties' conduct). The main factors considered when determining whether a partnership exists are the intent of the parties, the control the parties exercised on the enterprise, whether profit was shared, and how the alleged partnership holds itself out to third parties, but none of these factors is dispositive. See Redd, 593 So.2d at 996; see also Beckman v. Farmer, 579 A.2d 618, 628 (D.C. 1990) (finding that the way a firm holds itself out to clients is relevant in determining the firm's legal characteristics).[3]

According to W&S's complaint, Eaves Law Firm has consistently held itself out as a law firm. Its website repeatedly refers to the firm as "The Law Firm of John Arthur Eaves" and lists attorneys associated with the firm. See Pl.'s Opp'n Ex. 3 [ECF No. 9-3] at 17. In Sanchez ex rel. D.R.-S. v. United States, 133 S. Ct. 1631 (2013), the firm filed a petition for a writ of certiorari as "Eaves Law Firm." See Pl.'s Opp'n Ex. 4 [ECF No. 9-4] at 21. It also filed pleadings with this very Court in Abur v. Republic of Sudan, 437 F. Supp. 2d 166 (D.D.C. 2006), again as "Eaves Law Firm." See Pl.'s Opp'n Ex. 5 [ECF No. 9-5] at 24. District of Columbia Bar records show that Eaves is associated with the "John Arthur Eaves Law Firm." See Pl.'s Opp'n Ex. 6 [ECF No. 9-6] at 25. And the allegations in W&S's complaint demonstrate Eaves' control over Eaves Law Firm's business. When entering into the agreement with W&S, Eaves signed on behalf of "The Law Firm of John Arthur Eaves." Pl.'s Opp'n Ex. 1 [ECF No. 9-1] at 5. W&S alleges that

---

[3] Although Mississippi law applies in this case for purposes of determining the existence of a partnership, Mississippi courts have looked to cases from the District of Columbia because the District has passed a version of the Uniform Partnership Act that is very similar to the one passed by Mississippi. Compare D.C. Code § 29-602, with Miss. Code. Ann. § 79-13-202(a); see also Redd, 593 So.2d at 994 (citing Beckman, 579 A.2d at 627).

Eaves Law Firm made payments to W&S pursuant to the agreement for over a year, which further indicates that Eaves Law Firm viewed the contract signed by Eaves as binding. See Compl. ¶ 10. See also Redd, 593 So.2d at 993 (holding that entering into management decisions is probative of a party's control over that business). Based on the above conduct, and construing all facts in favor of W&S, the Court finds that Eaves Law Firm exists as a partnership for Rule 4(h)(1)(B) purposes.

        **b)     Service on Eaves was Sufficient to Serve Eaves Law Firm**

Because Eaves Law Firm is a legal entity with the capacity to be sued, Federal Rule of Civil Procedure Rule 4(h)(1)(B) applies in determining whether serving Eaves was sufficient to serve the firm. When serving a partnership or other unincorporated association, plaintiffs must serve "a managing or general agent, or any other agent authorized . . . to receive service of process." Fed. R. Civ. P. 4(h)(1)(b). In general, "service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable, and just to imply the authority on his part to receive service." Estate of Klieman v. Palestinian Auth., 547 F. Supp. 2d 8, 13 (D.D.C. 2008).

The complaint here states that Eaves conducted business with W&S on behalf of Eaves Law Firm, an allegation that Eaves does not expressly deny. See Compl. ¶ 9. Eaves Law Firm's secretary repeatedly told the process server that Eaves was one of only two persons at the firm who could accept service. See Pl.'s Opp'n Ex. 9 [ECF No. 9-9] at 28. And when Eaves was served at his home, he gave no indication to the process server that he was not authorized to receive service on behalf of Eaves Law Firm. Taken together, these facts are sufficient to establish that Eaves is authorized to receive service on Eaves Law Firm's behalf.

### c) The Complaint Named the Proper Party

Eaves also argues that service was improper because W&S named the wrong entity. But the apparent ambiguity over the correct name of the Eaves Law Firm does not warrant a dismissal for failure to name the proper party. A party has a right "to be accurately named in the process and pleadings of the court." United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947). The requirement that a party be accurately named in process, however, "does not allow the Defendant to hide behind de minimis or hyper-technical defects in the Complaint." Flynn v. Pulaski Constr. Co., 2006 WL 47304, at *6 (D.D.C. 2006). "A misnomer in process is not fatal, where the defendant is actually before the court, has been served, and is not prejudiced by the mistake." Catholic Cemeteries of Archdiocese of Washington Inc. v. Nordlinger Inv. Corp., 2005 WL 525415, at *2 (D.D.C. 2005) ( refusing to quash service where complaint named subsidiary of the intended defendant and defendant held itself out as the subsidiary in the contract in question). If the name used in the complaint leaves no doubt as to the defendant's identity, and service is otherwise sufficient, then service is proper regardless of the error. See Flynn, 2006 WL 47304 at *6.

Throughout his dealings with W&S, Eaves was ambiguous as to his firm's actual name. He signed the contract in question on behalf of "The Law Firm of John Arthur Eaves." See Pl.'s Opp'n Ex. 3 [ECF No. 9-3] at 15. But Eaves seems not to have settled on a name for his firm: his website refers to it as both "The Law Offices of John Arthur Eaves" and "Eaves Law Firm." See Pl.'s Opp'n Ex. 3 [ECF No. 9-3] at 17-19. Also, W&S alleges that Eaves never corrected W&S when it referred to the Eaves Law Firm in its dealings with Eaves. It would not be proper for the Court to dismiss a complaint for failure to properly name a party when the party itself has not settled on its own name.

In sum, the Court finds that Eaves Law Firm is a partnership with the capacity to be sued, that serving Eaves was sufficient to serve Eaves Law Firm, and that the complaint named the proper party. Hence, Eaves's Rule 12(b)(5) motion to dismiss will be denied.

## II. FAILURE TO STATE A CLAIM

Eaves next argues that the complaint provides "no proof" of an outstanding debt between Eaves Law Firm and W&S.[4] See Def.'s Mot. to Dismiss [ECF No. 8] at 6. "Under District of Columbia law, '[t]he party asserting the existence of an enforceable contract . . . bears the burden of proving that the parties entered into an enforceable contract.'" Mero v. City Segway Tours of Washington, DC, LLC, 826 F. Supp. 2d 100, 105 (D.D.C. 2011) (quoting Ponder v. Chase Home Fin., LLC, 666 F. Supp. 2d 45, 48 (D.D.C. 2009)). To sufficiently plead a breach of contract claim, a plaintiff need not "plead every conceivable fact or face dismissal of his claim." Nattah v. Bush, 605 F.3d 1052, 1058 (D.C. Cir. 2010). Rather, "[t]o state a claim for breach of contract, a party must allege that a contract existed, that he performed his contractual obligations, that the other party breached the contract, and that he suffered damages due to the breach." Window Specialists, Inc. v. Forney Enter., Inc., 2014 WL 1015717, at *4 (D.D.C. 2014); see also Ponder v. Chase Home Fin., LLC, 865 F. Supp. 2d 13, 19 (D.D.C. 2012).

W&S's complaint adequately pleads a breach of contract because, like the complaints found to be sufficient in Nattah v. Bush and Ponder v. Chase Home Fin., LLC, the complaint identifies the parties to the contract and the contract's material terms, discusses W&S's performance of the contract, and alleges how Eaves Law Firm breached the contract. Compare Nattah, 605 F.3d at 1058, and Ponder, 865 F. Supp. 2d at 19, with Compl. ¶¶ 7-12. W&S alleges that in January 2010, the parties entered into an agreement under which W&S would provide

---

[4] Eaves also argues that the non-existence of the Eaves Law Firm is grounds for dismissal under Rule 12(b)(6). As this argument is addressed above in the Court's discussion of Eaves's 12(b)(5) motion, it need not be re-examined here.

legal services to Eaves Law Firm in exchange for payment. See Compl. ¶ 6. The complaint outlines the price for the legal services and the manner in which payment was expected. Id. ¶¶ 6-10. W&S alleges that it performed legal services for Eaves Law Firm, but that it did not receive payment in full for the services performed. Id. ¶ 6. The complaint also states the exact amount of unpaid legal fees that have not been paid by the defendant. Id. ¶ 11. The complaint thus alleges "that a contract existed, that [W&S] performed [its] contractual obligations, that [Eaves Law Firm] breached the contract, and that [W&S] suffered damages due to the breach." Window Specialists, 2014 WL 1015717, at *4. W&S's complaint thus is sufficient and the Court will also deny Eaves's motion to dismiss under Rule 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Court will deny Eaves Law Firm's motion to dismiss. A separate order has issued on this date.

/s/
JOHN D. BATES
United States District Judge

Dated: June 11, 2014