UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WINSTON & STRAWN LLP, <br>    Plaintiff, <br><br> v. <br><br> THE LAW FIRM OF JOHN <br> ARTHUR EAVES, <br><br>    Defendant. | ) <br> ) <br> ) <br> ) <br> )   Civil Action No. 13-1940 (JDB/AK) <br> ) <br> ) <br> ) <br> ) <br> ) |

# **MEMORANDUM OPINION**

Pending before the Court is Defendant's Motion for Protective Order ("Def.'s MPO") [21], and Plaintiff's opposition thereto ("Pl.'s Opposition to MPO") [22]; Defendant's Motion for Extension of Discovery Deadline ("Def's Motion for Extension") [25] and Plaintiff's Opposition thereto (Pl.'s Opposition to Motion for Extension") [26]; and Plaintiff's Motion for Protective Order ("Pl.'s MPO") [27].[1] This Court held a telephonic status conference on November 20, 2014, to discuss outstanding discovery and the pending motions. During that conference, the Court indicated that it would permit a 30-day extension of discovery during which time John Arthur Eaves (a fact witness and Rule 30(b)(6) witness) and John A. Waits shall be deposed. The Court further indicated that both depositions will be held in Washington, D.C.[2]

---

[1] Because Plaintiff's Motion for Protective Order was filed on November 20, 2014, no opposition has been filed.

[2] Counsel agreed to try to schedule the two depositions on the same day or on consecutive days so that Mr. Eaves could avoid traveling to D.C. on two separate occasions. The Court indicated that it would consider reimbursing some of Defendant counsel's travel costs subject to Defendant providing persuasive [supplemental] legal authority.

## I. **Background**

The underlying case involves a contract dispute between Plaintiff Winston & Strawn LLP ("W&S" or "Plaintiff") and Defendant The Law Firm of John Arthur Eaves (the "Eaves Law Firm" or "Defendant"), which hired W&S to perform some legal work. (Pl.'s Opposition to MPO at 1.) According to the Plaintiff, W & S rendered legal services and provided monthly invoices to the Eaves Law Firm but Defendant failed to pay those bills in full, leaving a balance of $279,400.63 in unpaid legal fees. (*Id.*) W & S filed its Complaint in the instant case on December 5, 2013. On October 14, 2014, W & S mailed a Notice of 30(b)(6) Deposition of the Law Firm of John Arthur Eaves to The Law Firm of John Arthur Eaves ("Eaves"), in care of John Arthur Eaves, Jr., Esquire. (Notice of Deposition [21-2].) On October 24, 2014, Defendant filed a motion for protective order seeking to either quash the Notice of Deposition "in its entirety" or limiting the Plaintiff to a deposition of John Arthur Eaves "upon written questions that are narrowly crafted to address relevant, non-privileged areas (if any) encompassed by this notice." (Def.'s MPO at 1.) Plaintiff filed its Opposition to Def's MPO on October 31, 2014.

On November 19, 2014, two days prior to the close of discovery, Defendant filed a Notice to Take Deposition Upon Oral Examination of John A. Waits ("Waits") [24] and a Motion for Extension of Discovery Deadline [25]. Defendant requested that both sides be permitted up to 30 additional days in which to complete depositions; namely, the Eaves and Waits depositions. Plaintiff filed an Opposition [26] to the Motion for Extension of Discovery Deadline and a Motion for Protective Order [27] barring the deposition of Mr. Waits.

## II. **Legal Standard**

Fed. R. Civ. P. 26 authorizes discovery "regarding any non-privileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1); *Denture Cream Products*

*Liability Litigation*, 292 F.R.D. 120, 123 (D.D.C. 2013). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  "A showing of relevance can be viewed as a showing of need; for the purpose of prosecuting or defending a specific pending civil action, one is presumed to have no need of a matter not 'relevant to the subject matter involved in the pending action.'" *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1341 (D.C. Cir. 1984) (citing Fed. R. Civ. P. 26(b)(1)).

      Rule 26(b)(2) provides that the court must limit discovery, either on its own or pursuant to a motion, if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity by discovery in this action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issue at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

 Fed.R. Civ. P. 26(b) (2).

      Pursuant to Rule 26(c), the individual "from whom discovery is sought may move for a protective order in the court where the action is pending."  Upon showing of good cause, the court may "issue an order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:  (A) forbidding the disclosure or discovery; (B) specifying terms, including time and place, for the disclosure or discovery; (C) prescribing a discovery method other than the one selected by the party seeking discovery;(D) forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters; . . . . *Id*.

### III. Analysis of Pending Motions

**Defendant's MPO**

**Location of Deposition**

With regard to the proposed deposition of John Arthur Eaves, Defendant objected to the proposed location of the deposition, in Washington D.C., because the Defendant law firm is located in Jackson, Mississippi. The deposition of a partnership by its agents and officers should ordinarily be taken at its principal place of business; however, this may be modified when justice requires. *Nat'l Cmty. Reinvestment Coal v. Novastar Fin., Inc.,* 604 F.Supp.2d 26, 31 (D.D. C. 2009) (citing 8A Wright, Miller & Marcuse, Federal Practice and Procedure: Civil 2d §2112 (1994 & Supp. 2008)). *See also Fin. Gen. Bankshares, Inc. v. Lance*, 80 F.R.D. 22, 23 (D.D.C. 1978) ((The deposition location is "ultimately [ ] within the discretion of the Court, and instances of defendants having to appear for depositions at the place of trial are not unusual.")

Both sides agree that courts usually use four relevant factors to determine whether or not to modify the location of a deposition: 1) location of counsel for both parties; 2) size of defendant corporation and regularity of executive travel; 3) resolution of discovery by the forum court; and 4) the nature of the claim and relationship of the parties. *Nat'l Cmty. Reinvestment,* 604 F.Supp.2d at 31. With regard to the first factor, Plaintiff's counsel is located in Washington, D.C. while Defendant's counsel is located in Jackson, Mississippi but is admitted to the D.C. Bar and has litigated cases here. (Pl.'s Opposition to MPO at 4-5.)[3] Furthermore, Defendant has noticed the deposition of John Waits in the instant case and because that deposition will be held in Washington, D.C., Defendant's counsel will have to travel to Washington, D.C. within the

---

[3] A search of this Court's Electronic Case Filing system confirms that Mr. Eaves has served as counsel of record on cases pending in this Court.

next 30 days. Thus, the first factor slightly favors Plaintiff. The second factor favors neither party – Plaintiff law firm is larger and has more resources than Defendant law firm, which is relatively small but it does bill itself as an international firm. (Pl.'s Opposition to MPO at 5.)[4] The third factor favors neither party as discovery disputes may be resolved by telephone no matter where the deposition takes place. The fourth factor, relating to the nature of the claim and relationship of parties, slightly favors Plaintiff. Plaintiff's claim in this case involves Defendant's alleged delinquency in paying outstanding legal fees since November 2011, where Plaintiff was engaged by Defendant to perform work in this forum. (Pl.'s Opposition to MPO at 5.)

Because two of the four factors slightly favor the Plaintiff and furthermore, because the parties have agreed to schedule the two depositions close in time, the depositions will be held in Washington, D.C. Defendant's entitlement to reimbursement of travel costs has been taken under advisement. Within thirty days from the date of this Memorandum Opinion and accompanying Order, Defendant may submit authority in support of such reimbursement, supplemental to any authority that was already provided by Defendant in its MPO, and Plaintiff can respond accordingly.

**Deposition Scope of Inquiry**

Defendant makes a blanket assertion that the Notice of Deposition of the Law Firm of John Arthur Eaves should be quashed because the Rule 30(b)(6) Notice seeks information that is attorney client privileged or protected by the work product doctrine, confidential, or does not exist. (Def's MPO at 5-7.) Plaintiff contends that Defendant cannot hide behind the attorney-client privilege with the effect of inhibiting discovery of relevant evidence, particularly where

---

[4] *See* www.eaveslawfirm.com.

Mr. Eaves, Defendant's attorney, has been designated as the only Rule 30(b)(6) witness for Defendant law firm. (Pl.'s Opposition to MPO at 6.) *See Fisher v. United States,* 425 U.S. 391, 403 (1976) (privileges must be narrowly construed and applied only as necessary to achieve their purpose); *Alexander v. FBI*, 198 F.R.D. 306, 318 (D.D.C. 2000) ("The D.C. Circuit has held that the attorney-client privilege must be strictly confined within the narrowest possible limits consistent with the logic of its principle.") (internal citations and quotations omitted).

Plaintiff asserts that it does not seek privileged information but rather, asks about the Defendant "firm's business structure, finances, and other relevant matters relating to the underlying legal representation and this pending collection action." (Pl.'s Opposition to MPO at 7.) Plaintiff further indicates that it does not seek documents that do not exist but instead seeks documents and information about Defendant's organizational structure and legal status. (Pl.'s Opposition to MPO at 8.)

This Court has reviewed the Rule 30(b)(6) Notice of Deposition of the Law Firm of John Arthur Eaves and determined that Plaintiff shall only be restricted from asking questions with regard to topic number 18, regarding "documents reflecting all monies earned from all legal cases and/or transactions closed from January 2012 to present by the Law Firm of John Arthur Eaves[,]" to the extent that such questions ask for specific confidential information regarding the work performed by the Law Firm of John Arthur Eaves on behalf of its clients. Plaintiff may however generally inquire as to the amount of money billed and collected by the Law Firm of John Arthur Eaves during this period of time. The Court finds that the other topics on the Notice of Deposition are generally permissible, with the proviso that questions regarding topics 8-10 should not ask about legal strategies. In the event that there is an objection to a specific line of questioning during the deposition, counsel may contact the undersigned who will rule on such

objection.  This Court will also permit Plaintiff to inquire about Defendant's organizational structure and legal status.

### **Defendant's Motion for Extension of Discovery Deadline and Plaintiff's MPO**

On November 19, 2014, Defendant filed a Notice to Take Deposition Upon Oral Examination of John Waits [24] on November 21 2014, or thereafter, and moved for a 15 to30 day extension of the discovery deadline, for the purpose of both parties to take noticed depositions.[5]  Plaintiff opposed the extension of discovery, arguing that Defendant does establish good cause for amending the scheduling order in this case.  (Pl.'s Opposition to Motion for Extension at 1.) "The primary factor in determining whether good cause exists is the diligence of the party seeking discovery before the deadline."  (Pl.'s Opposition to Motion for Extension at 2); *see United States v. Kellogg Brown & Root Servs., Inc*, 285 F.R.D. 133, 136 (D.D.C. 2012) ("If the party was not diligent in seeking the requested information before the close of discovery, then no good cause exists.")*.* Plaintiff asserts that Defendant has not diligent because it has not propounded any written discovery requests and it served an untimely notice of deposition.  (Pl.'s Opposition to Motion for Extension at 2.)[6]

Plaintiff also moved for a protective order to quash the Waits' deposition on grounds that "Defendant gave less than two (2) days' notice of the deposition, in clear violation of this Court's rules [and] defense counsel did not confer with Plaintiff's counsel regarding his or his client's availability to attend this deposition."  (Pl.'s MPO at 3.)  *See United States v. Philip*

---

[5] The Court notes that Mr. Pace, counsel for Defendant who entered his appearance on November 19, 2014 (while lead counsel was out of the country) was obviously trying to preserve Defendant's right to take a deposition by filing the Notice of Waits' Deposition prior to the close of discovery.

[6] During the telephone status conference, Plaintiff's counsel indicated that there were limited initial disclosures and the parties agreed not to take written discovery because of the nature of the dispute.

*Morris Inc.*, 312 F. Supp.2d 27, 36 (D.D.C. 2004) (quashing witness subpoenas that were served three business days, or less, before the scheduled depositions in violation of Federal Rule 30(b)(1) and Local Rule 30.1.) Plaintiff's MPO focuses on the lack of "reasonable notice" provided to the deponent. (Pl.'s MPO at 3-4.)

      With regard to Defendant's Motion for Extension of the Discovery Deadline, this Court finds that there is no prejudice to the Plaintiff in granting a limited extension of discovery for 30 days so that both sides can take their respective depositions that were noticed prior to the end of discovery. While Mr. Waits was not provided with reasonable notice with regard to a deposition scheduled for November 21, 2014, his deposition may now be scheduled for a mutually convenient date prior to December 19, 2014, and this provides adequate time for counsel and Mr. Waits to prepare for the deposition. Mr. Eaves' deposition, as a fact witness and Rule 30(b)(6) designee for Defendant, shall also be taken prior to December 19, 2014. In the event that Mr. Eaves fails to attend the deposition, this Court will consider appropriate sanctions.

DATE: November 24, 2014                        /s/_____
                                                 ALAN KAY
                                                 UNITED STATES MAGISTRATE JUDGE